ON APPLICATION FOR REHEARING
In our initial opinion, we declined to consider the prayer of defendant, Lubin E. Mire, that his visitation privileges be amended to specify his right to visit his children at their mother’s home and in the city where the children reside. Our refusal in this respect was prompted by the fact that the record then before us showed that defendant had neither appealed nor answered plaintiff’s appeal. Since rendition of our original opinion, we have been presented with an affidavit of the Honorable Ambroise H. Landry, Clerk of the Seventeenth Judicial District Court, to the effect that an answer to plaintiff’s appeal was in fact filed by defendant on November 10, 1970 in the trial court, but was inadvertently omitted from the record filed with this court. It suffices to state that Mr. Landry’s affidavit is corroborated by record entries of his office, copies of which are attached to defendant’s application for rehearing.
We find that the record as presently constituted does not enable us to fix the visitation privileges requested by Mr. Mire. We initially note that defendant’s answer to plaintiff’s appeal does not particularize the visitation privileges desired. We likewise observe that the record is devoid of evidence as to the daily and week end activities and routines of the parents and children concerned. Under these circumstances, such visitation privileges as we might decree could well prove unsatisfactory and inconvenient to all parties concerned. We feel, therefore, that the ends of justice will best be served by a remand of this matter to the trial court for fixing of the visitation privileges requested.
The original decree of this court is affirmed and this matter remanded to the trial court for the purpose of fixing Mr. Mire’s visitation privileges in the home of his children in Metairie, Louisiana.
Application for rehearing denied; case remanded.